UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

                        Plaintiff,

          -against-                          13 Cr. 654-1 (RWS)

                                                 SENTENCING
WESLEY JONES,                                    OPINION

                        Defendant.

----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/15

**Sweet, D.J.**

On November 5, 2014, Wesley Jones ("Jones" or "Defendant")
pled guilty to conspiring to distribute and possess with intent
to distribute narcotics.  For the reasons set forth below, Jones
will be sentenced to 72 months' imprisonment followed by four
years' supervised release, subject to the scheduled sentencing
hearing on October 8, 2015.  Jones is also required to pay a
special assessment of $100.

**Prior Proceedings**

Defendant was named in a one-count superseding indictment
(the "Indictment") filed in the Southern District of New York on
November 14, 2013.  The first and only count of the Indictment
charges that from 2012 through November 2013, in the Southern

District of New York and elsewhere, Jones and others conspired to distribute and possess with intent to distribute 280 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); and mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841 (b)(1)(C) ("Count 1").

The Indictment further indicates that as a result of committing the offense charged in Count 1, Jones shall forfeit to the United States any property constituting or derived from proceeds of the offense and any property used or intended to be used to commit or facilitate it. If any of the property subject to forfeiture cannot be located upon the exercise of due diligence, has been transferred to a third party, has been placed beyond the Court's jurisdiction, has been substantially diminished in value, or has been commingled with other property, it is the intention of the Government to seek forfeiture of any other property of Defendant up to the value of the forfeitable property. See 21 U.S.C. § 853.

On November 5, 2014, Jones pled guilty to the lesser-included offense of 21 U.S.C. § 841(b)(1)(B), pursuant to a plea agreement which stipulates the following:

1) The November 1, 2013 Guidelines manual applies in this case.

2) The sentencing guideline applicable to Count 1 is 4B1.1(a) because, as described below, the defendant is a career offender. Accordingly, the offense level is the greater of the level in the table listed in 4B1.1(b) or the offense level otherwise applicable.

3) The offense level from the table listed in 4B1.1(b) is 31, calculated as follows:

4) The statutory maximum for the instant offense is 40 years' imprisonment. Pursuant to 4B1.1(b)(2), the base offense level is 34.

5) Assuming the defendant, in a timely manner, clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a three-level reduction will be warranted, pursuant to 3E1.1(a) and (b).

6) The otherwise applicable offense level is 23, calculated as follows:

7) Pursuant to 2D1.1(a)(5) and (c)(7), the base offense level is 26 because the defendant was responsible for the distribution of at least 28 grams but less than 112 grams of crack.

8) Assuming the defendant, in a timely manner, clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a three-level reduction will be warranted, pursuant to 3E1.1(a) and (b).

9) In accordance with the above, the applicable offense level is 31.

10)  Based upon the information available to
     the Government (including representations by
     the defense), the defendant has 19 criminal
     history points which places him in Criminal
     Category VI.  The defendant is also in
     Criminal History Category VI because he is a
     career offender pursuant to 4B1.1(b).
     Specifically, (1) the defendant was at least
     18 years old at the time of the instant
     offense, (2) the instant offense is a
     controlled substances offense, and (3) the
     defendant has at least two prior felony
     convictions of either a crime of violence or
     a controlled substance offense.

11)  Based on the calculations set forth above,
     the defendant's stipulated guideline range
     is 188 to 235 months' imprisonment with a
     mandatory minimum sentence of 60 months'
     imprisonment.  In addition, after
     determining the defendant's ability to pay,
     the Court may impose a fine pursuant to
     5E1.2.  The applicable range is $15,000 to
     $5,000,000

12)  The parties agree that neither a downward
     nor an upward departure from the Stipulated
     Guidelines Range set forth above is
     warranted.  Accordingly, neither party will
     seek any departure or adjustment pursuant to
     the Guidelines that is not set forth herein.
     Nor will either party suggest that the
     Probation Officer consider such a departure
     or adjustment under the Guidelines, or
     suggest that the Court consider any such
     departure or adjustment.

13)  The parties agree that either party may
     seek a sentence outside of the Stipulated
     Guidelines Range, suggest that the Probation
     Office consider a sentence outside of the
     Stipulated Guidelines Range, and suggest
     that the Court consider a sentence outside
     of the Stipulated Guidelines Range, based
     upon the factors to be considered in
     imposing a sentence pursuant to 18 USC
     3553(a).

Jones is scheduled to be sentenced on October 8, 2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

   (A) the applicable category of offense committed

> by the applicable category of defendant as set
> forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the
    Sentencing Commission];

(6) the need to avoid unwarranted sentence
    disparities among defendants with similar
    records who have been found guilty of similar
    conduct; and

(7) the need to provide restitution to any victims of
    the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all
the facts appropriate for determining a sentence, whether that
sentence is a so-called Guidelines sentence or not. See Crosby,
397 F.3d at 114-15.

## The Defendant

The Court adopts the facts set forth in the Presentence
Investigation Report ("PSR") with respect to Defendant's
personal and family history.

## The Offense Conduct

The Court adopts the facts set forth in the PSR with
respect to the offense conduct. These facts are summarized, in
brief form, below.

Jones is a mid-level drug dealer in a crack cocaine and heroin distribution ring based out of the Louis H. Pink Houses in the East New York section of Brooklyn. Between 2012 and November 2013, agents of the Bureau of Alcohol, Tobacco, and Firearms conducted more than 130 undercover buys from the drug ring, amounting to more than 200 grams of crack and more than 30 grams of heroin. One of those sales took place in Manhattan in May 2013. Jones is alleged to be a lieutenant to Laron Mosley, the conspiracy's leader, and was personally involved in the sale of more than five "eight balls" of crack to undercover agents in March 2013. The government views Jones as responsible for distributing between 28 and 112 grams of crack cocaine.

## The Relevant Statutory Provisions

The minimum term of imprisonment is five years and the maximum term is 40 years.  21 U.S.C. §§ 841(b)(1)(B), 846.

The Court must impose a term of supervised release of at least four years.  21 U.S.C. § 841(b)(1)(B).

Defendant is not eligible for probation.  21 U.S.C. § 841(b)(1)(B).

The maximum fine is $5,000,000. 21 U.S.C. § 841(b)(1)(C).
A special assessment of $100 is mandatory pursuant to 18 U.S.C.
§ 3013(a)(2).

**The Guidelines**

The November 1, 2014 edition of the United States
Sentencing Commission Guidelines Manual has been used in this
case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in
U.S.S.G. § 2D1.1 of the guidelines. That section provides that
an offense involving at least 28g but less than 112g of crack
cocaine has a base offense level of 24. U.S.S.G. § 2D1.1(c)(8).

Because the defendant has two prior controlled substance
convictions and is over 18 at the time of this controlled
substance conviction, the Guidelines treat him as a career
offender, pursuant to U.S.S.G. § 4B1.1. Since the statutory
maximum term of imprisonment in this case is more than 25 years,
the offense level is 34, pursuant to U.S.S.G. § 4B1.1(b)(2).

Defendant has clearly demonstrated acceptance of
responsibility for the offense. Accordingly, the offense level

is decreased by two levels. U.S.S.G. § 3E1.1(a). Defendant has also assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. U.S.S.G. § 3E1.1(b). These adjustments result in an offense level of 31.

Jones has fourteen previous criminal convictions. On July 19, 1999, he was convicted in Kings County Supreme Court and sentenced to one to three years in prison for first degree robbery causing serious injury. Pursuant to U.S.S.G. § 4A1.1(a), this conviction warrants two criminal history points. Although this conviction took place before Defendant turned eighteen, it is counted in his criminal history calculation pursuant to U.S.S.G. § 4A1.2(d)(1).

On November 9, 2001, he was adjudicated a youthful offender in Kings County Supreme Court and sentenced to five years' probation. Pursuant to U.S.S.G. § 4A1.1(d)(2)(A), this conviction is not counted in the criminal history calculation.

On January 7, 2003, he was convicted in Harrisburg, PA and sentenced to twelve months' imprisonment for possession of

contraband. Pursuant to U.S.S.G. § 4A1.1(b), this conviction
warrants two criminal history points.

Also on January 7, 2003, he was convicted in Harrisburg, PA
and sentenced to twelve months' imprisonment for fleeing to
elude a police officer. Pursuant to U.S.S.G. § 4A1.1(b), this
conviction warrants two criminal history points.

On June 11, 2003, he was convicted in Harrisburg, PA and
sentenced to fourteen months' imprisonment for possession with
intent to deliver narcotics. Pursuant to U.S.S.G. § 4A1.1(a),
this conviction warrants three criminal history points.

Also on June 11, 2003, he was convicted in Dauphine, PA and
sentenced to twelve months' imprisonment for promoting
contraband in prison. Pursuant to U.S.S.G. § 4A1.1(b), this
conviction warrants two criminal history points.

On March 5, 2004, he was convicted in Brooklyn Criminal
Court and sentenced to time served for criminal trespass in the
third degree. Pursuant to U.S.S.G. § 4A1.2(c)(1), this
conviction is not included in the criminal history calculation.

On March 22, 2005, he was convicted in Brooklyn Criminal
Court and sentenced to conditional discharge, five days'
community service, and a six month license suspension for
criminal possession of a controlled substance in the seventh
degree. Pursuant to U.S.S.G. § 4A1.1(c), this conviction
warrants one criminal history point.

On May 3, 2005, he was convicted in Brooklyn Criminal Court
and sentenced to time served and a six month license suspension
for criminal possession of a marijuana in the fifth degree.
Pursuant to U.S.S.G. § 4A1.1(c), this conviction warrants one
criminal history point.

On June 16, 2006, he was convicted in Bronx Criminal Court
and sentenced to ten days in jail for possession of contraband
in prison in the second degree. Pursuant to U.S.S.G. §
4A1.1(c), this conviction warrants one criminal history point.

On May 14, 2007, he was convicted in Kings County Supreme
Court and sentenced to eighteen to 36 months in prison for
attempted robbery in the third degree. Pursuant to U.S.S.G. §
4A1.1(a), this conviction warrants three criminal history
points.

On September 10, 2009, he was convicted in Brooklyn
Criminal Court and sentenced to a conditional discharge for
criminal possession of marijuana in the fifth degree.  Pursuant
to U.S.S.G. § 4A1.1(c), this conviction warrants one criminal
history point.

On September 10, 2009, he was convicted in Charleston, SC
and sentenced to a fine for reckless driving.  Pursuant to
U.S.S.G. § 4A1.2(c)(1), this conviction is not included in the
criminal history calculation.

On November 9, 2011, he was convicted in Manhattan Criminal
Court and sentenced to a conditional discharge and ten days of
community service for resisting arrest.  Pursuant to U.S.S.G. §
4A1.1(c), this conviction warrants one criminal history point.

Pursuant to the sentencing table at Chapter 5, Part A of
the Guidelines, nineteen criminal history points establishes a
criminal history category of VI.  Based on a total offense level
of 31 and a criminal history category of VI, the guideline range
of imprisonment is 188 to 235 months.

The guideline range for a term of supervised release is four to five years. 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5D1.2(c).

Defendant is not eligible for probation because probation has been prohibited by statute. 21 U.S.C. § 841(b)(1)(B).

The fine range for this offense is $7,500 to $5,000,000. U.S.S.G. § 5E1.2; 21 U.S.C. § 841(b)(1)(B). Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is not warranted in the instant case.

Rote application of the guidelines would result in Jones receiving of a sentence between fifteen-and-two-thirds and nineteen-and-a-half years in prison for his role as a middle manager in a drug conspiracy of no notable scope or violence. An arbitrarily harsh sentence makes no sense retributively because it is out of proportion both to Jones' culpability and to the sentences imposed on other members of the conspiracy, including its leader, who will receive just over eleven years, and members who engaged in similar conduct to Jones, who will receive five. A guidelines sentence is highly unlikely to serve

any rehabilitative function for Jones - indeed, a look at his
personal history indicates that spending significant time in
adult prison at a young age helped to launch him on a criminal
career. And the idea that a long prison term for one mid-level
drug dealer will have a deterrent effect on the trade in crack
cocaine, still going strong as it enters its fourth decade, is
without basis.

In contrast, the argument for leniency is compelling.
Although Jones has a significant criminal history, almost all of
it came during his late teens and early twenties, a period in
which he was turned out of the home he shared with one foster
mother and nine other children. In the last eight years Jones
has only received two convictions that warrant criminal history
points under the Guidelines, for possession of a small amount of
marijuana in 2009 and for resisting arrest in 2011, neither of
which carried any jail time. Now 31, Jones has maintained a
more-or-less stable relationship with his long-term partner and
is active in the life of his eleven-year-old son. A lighter
sentence creates the possibility that Jones will be there for
his son during his late teenage years, the period when his own
life went off track.

A six-year sentence will be the longest one Jones has ever received, reflecting the seriousness of his offense. It also represents a sentence comparable to, but significantly above, the ones given to Naquan Jones and Zaquan Wertz, codefendants who played roughly similar mid-level roles in the conspiracy. Although this sentence is far below the Guidelines range, a harsh Guidelines sentence is not warranted because there is a real possibility that Jones will not recidivate and that he can participate positively in his family and community.

**The Sentence**

For the instant offense, Jones shall be sentenced to 72 months' imprisonment to be followed by four years' supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Cooperate in the collection of DNA as directed by the probation officer.

(5) Submit to one drug test within fifteen days of placement on supervised release and at least two

unscheduled drug tests thereafter, as directed by the
probation officer.

The standard conditions of supervision (1-13) are

recommended with the following special conditions:

(1) Defendant shall submit his person, residence, place of
    business, vehicle, or any other premises under his
    control to a search on the basis that the probation
    officer has reasonable belief that contraband or
    evidence of a violation of the conditions of the
    release may be found.  The search must be conducted at
    a reasonable time and in a reasonable manner.  Failure
    to submit to a search may be grounds for revocation.
    Defendant shall inform any other residents that the
    premises may be subject to search pursuant to this
    condition.

(2) Defendant shall provide the probation officer with
    access to any requested financial information.

Defendant is to report to the nearest Probation Office

within 72 hours of release from custody.  Defendant is to be

supervised by the district of residence.


It is further ordered that Defendant shall pay to the

United States a special assessment of $100, which shall be due

immediately.


Defendant does not have the ability to pay a fine and

so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant is ineligible for voluntary surrender.

It is so ordered.

New York, NY
October ⟍, 2015

ROBERT W. SWEET
U.S.D.J.